IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALPINE ADVANCE 5 LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STRIPE, INC., et al., § <br> § <br> Defendants. § | Civil Action No.: 4:24-cv-01131-P |

## ANSWER OF STRIPE, INC.

Defendant Stripe, Inc. ("**Stripe**" or "**Defendant**") answers the complaint (the "**Complaint**") of Plaintiff Alpine Advance 5 LLC ("**Plaintiff**") as follows:

### ANSWERS TO "PARTIES, JURISDICTION, AND VENUE"

1. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. Stripe admits that it is a corporation organized under the laws of the state of Delaware with its principal place of business in San Francisco, California and that it is registered to do business in Texas. Stripe denies the remaining allegations in paragraph 2.

3. Stripe admits that Turo Inc. ("Turo") is a corporation organized under the laws of the state of Delaware. Stripe lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 3.

4. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. Stripe admits that it is a for-profit corporation registered with the Texas Secretary of State and that it has appointed a Texas agent for service of process. Stripe denies the remaining allegations in paragraph 5.

6. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Stripe denies the allegations in paragraph 7.

8. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Stripe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

### ANSWERS TO "BACKGROUND ON FACTORING"

10. Stripe denies the allegations in footnote 1, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, admits that footnotes 2, 3, and 4 cite to law that may be applicable to this case, denies that footnotes 2, 3, and 4 are complete statements of applicable law, and denies the remaining allegations in footnotes 2, 3, and 4.

11. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

### ANSWERS TO "THE SUBJECT AGREEMENTS"

12. Stripe admits that Exhibit A identifies what purport to be agreements between Plaintiff and non-party National Vehicle Rentals LLC ("National") that Plaintiff claims to be at issue in this case and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

13. Stripe admits that Exhibit B identifies the UCC-1 statement that Plaintiff claims to be at issue in this case and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, including footnote 5.

14. Stripe admits that Stripe processed payment transactions involving National and lacks knowledge or information to form a belief about the truth of the remaining allegations in paragraph 14.

15. Stripe admits that National and Stripe are parties to an agreement and in connection with that agreement Stripe processed payment transactions involving National's customers. Stripe denies the remaining allegations in paragraph 15.

16. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Stripe admits that Turo and Stripe are parties to agreements and in connection with those agreements Stripe processed payment transactions involving National's customers and denies the remaining allegations in paragraph 17.

## ANSWERS TO "THE NOTICE OF ASSIGNMENT"

18. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 regarding the written notice between Plaintiff and Turo and denies the remaining allegations in paragraph 18.

19. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. Stripe admits that, on August 18, 2023, Plaintiff emailed the Notice of Assignment to Stripe to the email contact provided by Turo and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

## ANSWERS TO "THE SUBJECT ACCOUNTS AND DEFENDANTS' DEFAULT"

23. Stripe admits that it placed a hold on certain accounts referenced in the Notice of Assignment. Stripe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

24. Stripe denies the allegations in paragraph 24.

25. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

## ANSWERS TO "PLAINTIFF'S AUTHORITY TO COLLECT THE SUBJECT ACCOUNTS"

26. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. Stripe denies the allegations in paragraph 28 of the Complaint.

29. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first paragraph 29 of the Complaint.

29. Stripe admits Plaintiff has made multiple demands for payment and that it has not made any payment to Plaintiff, denies that Plaintiff is entitled to any relief against Stripe, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second paragraph 29.[1]

---

[1] The Complaint has two paragraphs numbered 29. To avoid any confusion, Stripe has replicated the numbering used by Plaintiff.

30. Stripe denies that Plaintiff is entitled to any relief against Stripe in this action, denies that any amounts are still due and owing from Stripe to Plaintiff, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

**ANSWERS TO "FIRST CAUSE OF ACTION**
**(Breach of Contract pursuant to Common Law and Tex. Bus. & Com. Code**
**§§ 1.106, 9.201, 9.318, 9.406, 9.607, as to Stripe)"**

31. The allegations within paragraph 31 require no response and allege no facts. To the extent a response is required, Stripe incorporates by reference its answers to the above allegations as if fully stated herein.

32. Stripe admits that it processed payments transactions with National on the Turo platform in exchange for a portion of each payment processed, pursuant to a written agreement with Turo. Stripe denies the remaining allegations in paragraph 32.

33. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Stripe admits that Plaintiff has demanded payment and that it has not made payment to Plaintiff but denies that Plaintiff is entitled to receive payment.

35. Stripe denies the allegations in paragraph 35.

**ANSWERS TO "SECOND CAUSE OF ACTION**
**(Breach of Contract pursuant to Common Law and Tex. Bus. & Com. Code**
**§§ 1-106, 9.201, 9.318, 9.406, 9.607, as to Turo)"**

36. The allegations within paragraph 36 require no response and allege no facts. To the extent a response is required, Stripe incorporates by reference its answers to the above allegations as if fully stated herein.

37. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. Stripe lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

**ANSWERS TO "THIRD CAUSE OF ACTION**
**(Breach of Statutory Duty to Pay Pursuant to Tex. Bus. & Com. Code**
**§§ 1.106, 9.201, 9.318, 9.406, and 9.607)"**

41. The allegations within paragraph 41 require no response and allege no facts. To the extent a response is required, Stripe incorporates by reference its answers to the above allegations as if fully stated herein.

42. Stripe denies the allegations in paragraph 42, except that Stripe admits that Plaintiff sent it a letter with copies of its agreements with National and its UCC-1 statement on August 18, 2023, whereby Plaintiff advised Stripe that it was owed $433,422.50 by National and stating that Stripe was required to direct those funds to its counsel.

43. Stripe admits that it received the Notice of Assignment and Plaintiff's demand for payment and that it has not made a payment to Plaintiff, denies that it owes Plaintiff any amount, denies that Plaintiff is entitled to any relief against Stripe, and lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43.

44. Stripe lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45. Stripe denies the allegations in paragraph 45.

46. Stripe denies the allegations in paragraph 46.

## ANSWERS TO "FOURTH CAUSE OF ACTION
(Declaratory Relief against Defendants)"

47. The allegations within paragraph 47 require no response and allege no facts. To the extent a response is required, Stripe incorporates by reference its answers to the above allegations as if fully stated herein.

48. Stripe denies the allegations in paragraph 48.

49. Stripe denies the allegations in paragraph 49.

50. Stripe denies the allegations in paragraph 50.

## ANSWERS TO "FIFTH CAUSE OF ACTION
(Accounting against Defendants)"

51. The allegations within paragraph 51 require no response and allege no facts. To the extent a response is required, Stripe incorporates by reference its answers to the above allegations as if fully stated herein.

52. Stripe denies the allegations in paragraph 52.

53. Stripe denies the allegations in paragraph 53.

54. Stripe denies the allegations in paragraph 54.

## ANSWERS TO "PRAYER FOR RELIEF"

Stripe denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Stripe denies every allegation in the Complaint that is not specifically admitted in this answer.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations contained in the Complaint, except as set forth above, and without admitting or acknowledging that Stripe bears any burden of proof as to any of the allegations contained in the Complaint, Stripe asserts the affirmative and additional

defenses listed below. Stripe intends to rely upon other defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Stripe hereby reserves the right to amend this Answer to assert any such further defenses:

1. The Court lacks personal jurisdiction over Stripe.

2. The Court is an improper venue for Plaintiff's claims against Stripe, and Stripe reserves the right to move to compel arbitration.

3. Plaintiff's claims are barred for failure to state a claim upon which relief may be granted against Stripe.

4. Plaintiff's claims are barred, in whole or in part, by equity.

5. Stripe did not act with purpose or intent to harm Plaintiff at any time.

6. At all relevant times, Stripe acted reasonably, in good faith, and with due diligence toward Plaintiff.

7. At all relevant times, Stripe fulfilled all its duties and responsibilities to Plaintiff.

8. Further answering and without waiver of the foregoing, Stripe asserts that the incident which forms the basis of this lawsuit may have been proximately caused by the acts of third parties over whom Stripe had no control. Each of such acts or omissions, singularly or in combination with others, proximately caused the incident and the injuries and damages, if any, which Plaintiff alleges.

9. By way of further defense, Stripe asks that evidence concerning economic damages be limited to the amount actually paid or incurred by or on behalf of Plaintiff, in compliance with Tex. Civ. Prac. & Rem. Code § 41.0105.

[*Remainder of Page Intentionally Left Blank*]

DATED: January 22, 2025

        Respectfully submitted,

        STEWART LAW GROUP PLLC

        */s/ Amy M. Stewart*
        Amy M. Stewart
        State Bar No. 24060660
        One Arts Plaza
        1722 Routh St., Suite 745
        Dallas, Texas 75201
        astewart@stewartlawgrp.com
        Telephone: (469) 607-2300
        Facsimile: (469) 607-2301

        -and –

        DAVIS WRIGHT TREMAINE LLP

        Hugh McCullough, WSBA No. 41453
        Sanjay Nangia, Cal. No. 264986
        Suzanne Daigle, WSBA No. 60772

        920 Fifth Avenue, Suite 3300
        Seattle, Washington 98104-1610
        hughmccullough@dwt.com
        suzannedaigle@dwt.com
        Telephone: (206) 622-3150
        Facsimile: (206) 757-7336

        50 California Street, 23rd Floor
        San Francisco, CA 94111
        sanjaynangia@dwt.com
        Telephone: (415) 276-6577
        Facsimile: (415) 276-6599

        **ATTORNEYS FOR STRIPE, INC.**

## CERTIFICATE OF SERVICE

    I certify that on January 22 2025, a true and correct copy of the foregoing document has been served on all known counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure.

        */s/ Amy M. Stewart*
        Amy M. Stewart